UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHETRAM RAMKISSOON,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2449

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.15.) In an Order entered on August 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on September 3, 2026, (ECF No. 4.)

## II. Relevant Factual Background

Petitioner is a citizen of Guyana who entered the United States in 2024 "as a B-2 nonimmigrant visitor." (Pet., ECF No. 1, PageID.1.) Petitioner remained in the United States and, on July 26, 2026, Petitioner was arrested by ICE agents (*Id.*, PageID.2.) On July 28, 2026, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, Notice to Appear (NTA), charging Petitioner with removability under 8 U.S.C. § 1227(a)(1)(B)) of the Immigration and Nationality Act (INA) in that Petitioner remained in the United States for a time longer than permitted. (*Id.*, PageID.3.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

Noncitizens detained under § 1226(a) are entitled to a bond hearing before an immigration judge. *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (holding that noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge").

Petitioner contends that that Respondents are subjecting him to mandatory detention under § 1225, and he seeks relief on this basis. (*See, e.g.*, Pet., ECF No. 1, PageID.7, 13.) However, in

this case, Respondents concede that Petitioner's detention is governed by § 1226 and that he "is entitled to a custody redetermination in immigration court" because Petitioner was lawfully admitted to the United States on a B-2 visa, "but is no longer lawfully present." (Resp., ECF No. 4, PageID.22.) There is no indication in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. In light of Respondents' concession that, if requested, Petitioner would receive § 1226(a) bond hearing, which is the relief that Petitioner seeks in this action, the Court will dismiss this action without prejudice.[1]

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 10, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[1] If contrary to Respondents' concession in their brief, when Petitioner requests a bond hearing in Immigration Court, Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241 petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond hearing.